## Arnold, &c. *vs* Commonwealth, for Chapron and Needlet.

### ERROR TO THE GARRARD CIRCUIT.

#### Sheriffs. Pleading. Damages.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THIS was an action on the Sheriff's bond for a failure of his deputy to levy on property of the defendant, &c.

*(margin notes:)* ARNOLD, &c. *vs* COMMONWEALTH — DEBT. — Case 28. — December 23.

Various objections are made to a recovery, which we shall briefly dispose of.

1. The allegation of two or more breaches of the bond, is no valid objection to the declaration. Even if this constitutes duplicity, it is not available on general demurrer. And although there may be some doubt whether the failure to return the two executions as required by law, was averred as a substantial breach, or merely as inducement, yet it being certain that the failure to levy the executions is alledged as a breach of the bond, the declaration must be deemed sufficient, if that breach be sufficiently alledged.

*Duplicity in pleading is not an available objection on general demurrer.*

And, as the defect pointed out in that allegation is clearly remedied by the issue on the third plea, which put in issue the very facts omitted in the declaration, we are of opinion that if the omission to state that the deputy knew or might have known by reasonable diligence that the defendant in the execution had property, &c., should have been deemed fatal on demurrer, it is cured by the verdict for the plaintiff on the issue involving those facts.

*If the issue presented by the plea meets a defect in the allegations of the declaration, the defect will be cured, and no longer available.*

2. The fourth plea setting up as an excuse for failing to levy the executions that the consideration of the judgment had failed, is not a bar to the action, because it does not show any act by the plaintiffs in the executions or their agent, which amounts to a direction or authority to the Sheriff not to proceed with the execution. He had no right to omit his plain duty under the mandate of the writ, on the ground of his own deductions as to the equitable rights of the parties. The matter of the plea might operate in mitigation of damages, but not as a bar. It was, therefore, properly adjudged bad on demurrer.

*That the consideration of the judgment had failed, is no excuse for a Sheriff's failing to levy an execution upon the judgment.*

3. As the declaration did not alledge a false return of either of the executions, the evidence upon that subject was not directly relevant to the issue. But as the return unexplained might have been relied on as some excuse for the failure to act on that particular execution, we cannot say that the evidence showing that the person referred to as having ordered a stay, had no authority over the execution, and had made no order on the sub-

ject, was wholly foreign to the cause, or prejudicial to the defendants. There was no error prejudicial to the defendants in admitting this evidence.

4. As to the extent of the Sheriff's liability for failing to levy an execution on the debtor's property, we are of opinion that the true measure is the injury sustained by the creditor in consequence of that failure. If he has thereby lost his entire debt, then the amount of the debt, or the reasonable value of the property, if less than that amount, is the criterion. But as his remedy for the debt may still remain, he is not entitled to recover the whole of it from the Sheriff, nor even the value of the property, unless by failing to levy, the remedy was rendered in substance ineffectual, and the debt thus lost. The evidence in this case, though going to show that the debt may have been wholly lost by the failure of the Sheriff to levy, did not in our opinion, authorize the Court to assume that fact as conclusively proved, or as a conclusion of law from undisputed facts. It was not shown that the plaintiffs might not have made their debt, or some part of it, out of other property of the debtor before the commencement of this suit. Nor is it shown why they had not made it out of the same property after the return of the second execution. The question whether, and how far the debt was lost by the failure to levy, should have been left to the jury upon the evidence. The instruction that the amount of the execution, or the value of the property, if less than that amount, was the criterion of damages, is therefore deemed erroneous, and prejudicial to the defendants.

The property having been in possession of the debtor while the executions were in hand and in force, and this known to the Sheriff—the fact that he also knew of a verbal arrangement, by which another creditor was to have the benefit of it at a future day, and that it was so appropriated some months after the executions expired, was no excuse for his failure to levy, because this fact left the property still subject to the executions in his hands. And it was his duty so to treat it, until a jury should have decided otherwise.

ARNOLD, &c.
vs
COMMONWEALTH

The measure of damages against a Sheriff for failing to levy an execution, is the injury sustained by the creditor in consequence of that failure. If the whole debt is lost, then the amount lost is the injury. If the debt is not wholly lost, then only damages to extent of the injury, to be left to the jury upon the evidence.

With regard to the suggestion that some of the property might have been exempted from execution, and that the instruction as to the criterion of damages should have had reference to this fact, it is sufficient to say, that the proof did not require such reference. But if any such exemption should be shown by evidence in a future trial, it should so far as shown affect the criterion of damages.

For the error before noticed, the judgment is reversed, and the cause remanded for a new trial.

*Turner and Burton* for plaintiffs; *Dunlap* for defendants.